J. B. LaCHAPELLE and NELSON C. BELL, Co-partners, Respondents, v. GEORGE E. RICKER, Appellant.

Kansas City Court of Appeals, March 6, 1911.

REAL ESTATE BROKERS: Commission: Subsequent Agreement. Where real estate agents, after obtaining a purchaser for land, and upon renewed negotiations, agree to accept a less amount for their commission than that stipulated in the original contract, and the deal is finally closed by the parties with that understanding, the subsequent agreement is supported by a sufficient consideration and their recovery will be limited to the amount stated in said latter agreement.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

REVERSED AND REMANDED (*with directions*).

*Gilmore & Brown* for appellant.

(1) The court erred in permitting the respondents to show over the objection of appellant, the negotiations leading up to the letter of April 16, 1908, fixing the amount of respondent's commissions; and erred in permitting the respondents, over the objection of appellant, to introduce in evidence the letter of October 29, 1907, with respect to respondent's commissions; and after permitting the foregoing, the court erred in excluding, when offered by appellant, the testimony of I. F. Hendricks with regard to negotiations between appellant and respondents with regard to the amount of respondent's commissions. Mfg. Co. v. Jaeger, 81 Mo. App. 242; Chrisman v. Hodges, 75 Mo. 413; Brick Co. v. Barr, 76 Mo. App. 380; Kingman v. Schulenberger, 64 Mo. App. 549; Overstreet v. Beasley, 60 Mo. App. 315. (2) The court erred in permitting the respondents to show, over the objection of appellant, the negotiations which took place at Quincy, Illinois, in April, 1908, and erred in permitting the respondents to introduce in evidence the unsigned memorandum made at that time. Kingman v. Schulenberger, 64 Mo. App. 549; Warren v. Mfg. Co., 161 Mo. 121; Mfg. Co. v. Jaeger, 81 Mo. App. 242; Walsh v. Gay, 49 N. Y. App. Div. 50. (3) The court erred in permitting the respondents to introduce in evidence, over the objection of appellant, the letter of appellant to Hugo A. Wiggenhorn, dated October 7, 1908, and further erred in permitting the respondents, over the objection of appellants to read portions of that letter to the jury excluding other portions referring to the same subject-matter. Railroad v. Farrell, 76 Mo. 183; Huetteman v. Vieselmann, 48 Mo. App. 589; Clark v. Railroad, 179 Mo. 66. (4) The court erred in permitting the respondents to show, over the objection of appellant, that appellant prior to September, 1908, knew that an unsigned memorandum had been drawn in April, 1908.

*Murdock & Pancoast* and *E. R. Morrison* for respondents.

(1)   There was no error in the following: Permitting respondents to show over the objection of appellant the negotiations leading up to the letter of April 16, 1908.   In permitting respondents over appellant's objection to introduce in evidence the letter of October 29, 1907.   In excluding the testimony of I. F. Hendricks as to conversation held between him and respondents in regard to respondents' commission, said testimony not being specially offered by appellant.   Egger v. Nesbitt, 122 Mo. 667; Luckey v. Railroad, 133 Mo. App. 589.   (2) The court did not err in permitting respondents to show over the objection of appellant the negotiations which took place at Quincy, Illinois, in April, 1908; nor was there any error in permitting respondents to introduce in evidence the preliminary contract or tentative agreement drawn up at that time and agreed to by the parties, although unsigned.   Little v. Rees, 26 N. W. 7.   (3) There was no error in permitting the respondents to introduce in evidence, over the objection of appellant, appellant's letter to witness, Wiggenhorn, dated October 7, 1908; nor was there any error in permitting respondents to read certain portions of said letter and omitting the reading of those portions alluding to the commission appellant, George E. Ricker, was to receive out of the sale.   (4) The court did not err in permitting respondents to show over appellant's objection that appellant, prior to September, 1908, knew that a preliminary agreement had been entered into between appellant and I. F. Hendricks, the purchaser, secured by respondents.   The court had stated upon the introduction of the testimony of I. F. Hendricks that "whatever the Ricker National Bank did, or the parties to whom Mr. Ricker referred it (the sale) for a final consummation, is binding on Mr. Ricker, and if he turned it over to his brother and the bank, I think he is bound by what they did."   (5) There was no error

committed by the court in refusing to give the peremptory instruction requested by the appellant at the close of respondents' testimony. Egger v. Nesbitt, 122 Mo. 667, 27 S. W. 385.

BROADDUS, P. J.—The plaintiff sues to recover a broker's commission in the sum of $3125 for the sale of a certain ranch located near Ashland, Nebraska. The amount realized for the ranch was $125,000; the commission claimed being two and one-half per cent on this sum.

On August 10, 1907, the appellant wrote respondents the following:

Gentlemen: With reference to our conversation on Saturday last, negotiations are still pending for the sale of this property, but one of the principals is seriously ill with little prospect of his recovery and accordingly it might be wise for you to submit it to your party.

"Subject to previous sale, we will list it with you at $150,000, one-half cash, the balance to suit at five per cent; commission to you to be two and one-half per cent if you make the deal. We might shade this price a little for a quick sale and at this figure you doubtless know the property is a bargain. Land like ours is held from $50 to $65 and considering that the improvements cost $80,000 it is a real snap for anyone wanting a place like this. There are 3500 acres, and we will warrant the title." Prior to the writing of this letter defendant had met Bell, one of the respondents, and spoke to him about listing the land with him for sale. The respondents advertised the land for sale in the newspapers, and in the latter part of August got into correspondence with I. F. Hendricks of Iowa, who afterwards became the purchaser of the property.

On the 29th of August, Hendricks went to Ashland and met respondents. On the next day Bell, one of the respondents, took him to the ranch and introduced

him to appellant, and the day was spent by the three in looking over the ranch. While there Hendricks informed Bell that he would make an offer for the property and suggested that he, Bell, consider what they would require in commission if a sale was effected. Hendricks at the time offered appellant $120,000 for the ranch, subject to an arrangement of terms, time of payment, etc. Hendricks and appellant returned to Ashland and had a conversation with respondents at their office in regard to commission. Respondents stated that if a sale was effected they would be satisfied with a fair commission, one of them stating that they should have $1000 and the other that he thought they would be satisfied with a commission of $500. On the following day Bell called Hendricks by telephone at Malvern, and said that respondent, LaChapelle, was still insisting upon a commission of one thousand dollars if the sale was made, and inquired if Hendricks would pay half of it, which he declined to do.

While at the ranch appellant referred Hendricks to H. F. J. Ricker of Quincy, Illinois, as the party with whom it would be necessary to negotiate respecting price and terms for the purchase of the ranch, and thereafter negotiations were carried on until in October, between Hendricks and H. F. J. Ricker, who was cashier of the Ricker National Bank. In these negotiations, Hendricks, in the latter part of October, offered $125,000 for the ranch; and an offer on the part of Ricker to take $127,500 was made, and another meeting was suggested for further negotiations. Before another meeting was had the financial stringency of 1907 came on and Hendricks notified H. F. J. Ricker that the appointment for such other meeting was cancelled, and that all negotiations were off.

While these negotiations were pending, appellant and respondents had further negotiations between themselves with reference to what the commission of respondents should be if a sale was effected to Hendricks,

and in reference thereto respondents on October 29, 1907, wrote to the appellant the following:

"Mr. Geo. E. Ricker:

Dear Sir: In the matter of the sale of the Ricker Ranch, we will accept $1250 in full for our commission on the sale to Mr. Hendricks, et al., provided the said commission is paid as soon as the deal is consummated, and not later than thirty days from this date."

In April, 1908, negotiations were reopened by Hendricks by a letter addressed to H. F. J. Ricker and they met at Quincy on the 13th of April, at which time they partially agreed upon the terms of a sale, which was reduced to writing, but not signed by either and it was agreed that it should not be binding on either. It appears that Ricker was acting for the Ricker National Bank, who it seems also had some interest in the ranch.

On April the 16th, appellant informed respondents that negotiations had been reopened with Hendricks for a sale of the ranch and desired a new memorandum with regard to commission if a sale was made. They delivered to him the following memorandum:

"In regard to our commission for the sale of the Riverside Cattle Ranch; should a sale be effected to Mr. I. F. Hendricks or his agent, we hereby agree to accept $1250 as our commission (net), as soon as the sale is consummated."

On September 7, 1908, Hendricks and H. F. J. Ricker, representing said Bank, met in Kansas City where an agreement for the sale of the land was entered into in writing, and the transaction was finally closed on the 26th day of February, 1909.

The appellant objected to the admission of all evidence prior to and leading up to the letter of respondents of April 16, 1908, and to the introduction of the letter of respondents dated October 29, 1907. Appellant asked Hendricks, who was a witness in the case, to state whether in any of the conferences which were held with plaintiff about August 28, 1907, any discussion was

had between him and them or either of them as to their commission if a sale was made, if so, what was said? Respondent objected to its competency and the record shows that the objection was sustained.

But it appears by the record that notwithstanding the objection was sustained, the witness proceeded to answer the question at great length. And he was then asked if he had any communication on the same subject by telephone with Bell, if so, state what it was? This was objected to also, and the objection was by the court sustained; yet the witness did answer the question fully as is also shown by the record.

Respondents recovered judgment for the sum of $3270.87, from which defendant appealed.

The appellant objected to the evidence of the negotiations leading up to the letter of April 16, 1908, fixing the amount of respondents' commission, and in permitting the introduction in evidence the letter of October 29, 1907, with respect to respondents' commission.

The letter of the 29th of October, 1907, of respondents to appellant was to the effect, +᙮ ᙮ ᙮ if a sale was made of the ranch to Hendricks the  ̧reed or in the language of the letter, "we hereby agree to accept $1250 as our commission, (net), as soon as the sale is consummated."

After this letter there had been a suspension of the negotiations for the sale to Hendricks, but when it was renewed appellant wanted a new memorandum to show what respondents' commission would be under such renewed negotiations. This in our opinion clearly indicated that appellant up to that time was negotiating with the understanding that the respondents' commission would be $1250 and when respondents in the letter of the 16th of April, 1908, fixed their commission also at the sum of $1250, the appellant had the right to assume that if a sale was consummated under the renewed negotiations respondents' commission would be

the sum mentioned. The letter of the 16th of April, is but a repetition of that contained in the prior one of October 29th. The former letter although introduced by respondents, it seems to us was advantageous to appellant and tended to limit the amount of respondents' recovery to $1250 and interest at the most. With the view we have of the case, other assigned errors in the admission and rejection of evidence are of no importance.

Notwithstanding appellant by his letter of the 10th of August, 1907, agreed to pay two and one-half per cent commission if a sale of the ranch was effected, it is clearly inferable that in the subsequent negotiations respondents led both Hendricks and appellant to believe that if a sale was made the commission would not be over twelve hundred and fifty dollars at the most, and with this understanding the transaction was closed. And the consummation of such sale was a sufficient consideration for such understanding and agreement. As a rule the commission of the broker constitutes a part of the consideration for a sale of the land.

When appellant called upon respondents to know what would be their commission if a sale was made under the renewed negotiations, respondents if they intended to stand upon the original agreement for two and one-half per cent commission, should have said so, but it seems that in their anxiety to bring about a sale they were willing to sacrifice a part of their commission. It seems to us that this was a sufficient consideration.

We think the theory upon which the case was tried that there was no consideration for the agreement mentioned was error; and the court should have instructed the jury as requested by appellant that plaintiffs recovery be limited to $1250 with interest.

That plaintiffs were entitled to a commission is undeniable, but we are of the opinion that the amount thereof should be limited to $1250 with six per cent

interest from September 7, 1908. The cause is reversed and remanded to enter up judgment in favor of respondents in conformity with this opinion. All concur.